ACCEPTED
14-14-00515-CV
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
1/19/2015 1:48:25 PM
CHRISTOPHER PRIN
CLERK

## CASE NO. 14-14-00515-CV

_____

### IN THE FOURTEENTH COURT OF APPEALS

### HOUSTON TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/19/2015 1:48:25 PM
CHRISTOPHER A. PRINE
Clerk

_____


**VALENTINA SPASSOVA SHESHTAWY, Appellant**

**v.**

**MICHAEL FUQUA, ADMINISTRATOR OF THE ESTATE OF ADEL
SHESHTAWY, DECEASED, Appellant**

_____

**On Appeal from Probate Court Number One
Harris County, Texas
Probate Court Cause No. 407,499-406**

_____

## APPELLEE'S RESPONSE
## TO APPELLANT'S REPLY BRIEF

_____

Michael L. Fuqua, Attorney at Law
Lead Counsel
Fuqua & Associates, P.C.
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-0277 - Telephone
(713) 960-1064 - Facsimile
mlfuqua@fuqualegal.com
Attorney for Appellee
Michael L. Fuqua, Temporary Administrator
of the Estate of Adel Sheshtawy, Deceased

# TABLE OF CONTENTS

Table of Contents....................................................................................i

Index of Authorities..............................................................................ii

Statement of Facts...............................................................................1

Response to Arguments in Reply Brief ........................................................1

          Common Law Marriage Dispute......................................................1
          Preliminary Inventory and Appraisement...................................2
          Homestead Occupancy...................................................................2
          Settlement Agreement Required Sale of Homestead...................3
          Use of Sales Proceeds....................................................................4
          Contract Construction - Waiver of Homestead...........................4
          Trial Court Properly Dismissed Valentina's Action...................6

Prayer...................................................................................................7

Certificate of Service...........................................................................8

Certificate of Compliance. ...................................................................9

# INDEX OF AUTHORITIES

## Cases

*Balandran v. Safeco Ins. Co.*, 972 S.W.2d 738, 741 (Tex. 1998)........................5

*Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*,
940 S.W.2d 587, 587 (Tex. 1996)........................................................5

*Langley v. Jernigan,* 76 S.W.3d 752, 756
(Tex.App. – Waco 2002, pet. filed)....................................................5, 6

*Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.,*
907 S.W.2d 517, 520 (Tex. 1995)......................................................5, 6

*Tenneco Inc. v. Enterprise Prods. Co.,*
925 S.W.2d 640, 643 (Tex. 1996)........................................................5

## Rules

TEX.R.CIV.P. 91a....................................................................................6, 7

## STATEMENT OF FACTS

Appellee objects to Appellant's statement of facts in Appellant's Reply Brief and incorporates herein Appellee's statement of facts set forth in Appellee's Amended Brief.

## RESPONSE TO ARGUMENTS IN REPLY BRIEF

### Common Law Marriage Dispute

1.      This issue of whether a common law marriage existed between Appellant and Adel Sheshtawy is immaterial to the determination of the appellate issues in this case. Appellant's common law marriage suit was fully and finally resolved by the Rule 11 and Final Settlement Agreement (the "Settlement Agreement") entered into by the parties and approved by the trial court July 17, 2013. *Appellee's Appendix, Item 3; ROA, pp. 32, 39-41; Appellee's Appendix, Item 4; ROA, pp. 124-126.* Appellant affirmatively waived any rights to which she would be entitled to receive as the decedent's common law spouse by executing the settlement agreement. *Appellee's Appendix, Item 3; ROA, pp. 32-41; Appellee's Appendix, Item 4; ROA, pp. 124-126.*

## Preliminary Inventory and Appraisement

2.     Appellee's Reply Brief fails to specify the manner in which the trial court's approval of the preliminary inventory and appraisement in the probate proceeding was not made in accordance with the law, the facts relied upon to support her argument or any reference to credible evidence in the record on appeal to support her argument.

3.     The decedent owned fee simple title to the real property in issue; therefore, the real property was properly listed as an estate asset in the preliminary inventory and appraisement filed in the trial court.

4.     Valentina did not object to the inventory and appraisal until June 16, 2014 - more than a year after she signed the settlement agreement, and the trial court properly refused to entertain objections which Valentina had expressly waived in the settlement agreement.

## Homestead Occupancy

5.     Although the Court did not enter an order setting the property aside as homestead, Valentina and Lily have resided in the property continuously from the date of Adel's death.   No party made any attempt to remove Valentina and Lily from the property except in accordance with the settlement agreement. *Appellee's Appendix, Item 3; ROA, pp. 32, 35.*

**Settlement Agreement Required Sale of Homestead**

6.      The Settlement Agreement authorized and directed the sale of the property in issue to fund a majority of the cash payment to Valentina. *Appellee's Appendix, Item 3; ROA, pp. 32, 34-35.* Valentina agreed to accept $145,000 in full and final settlement of all claims which were or could have been brought relating to **Valentina's common law marriage suit, Adel's Estate, the residential real property located at 12206 Cabo Blanco Lane,** or Adel's two adult children, Nader and Hanya. *Appellee's Appendix, Item 3; ROA, pp. 32-35 (Emphasis added).*

7.      The Settlement Agreement provided that the property would be sold and Valentina would receive a cash payment of $100,000 from the sales proceeds at closing. *Appellee's Appendix, Item 3; ROA, pp. 32, 34-35.*

8.      The Settlement Agreement further provided that the property would be sold, up to $250,000 of the sales proceeds would be used to "purchase a new homestead for Lily" and proceeds pending the purchase of Lily's new homestead would be used for short term suitable housing for Lily and Valentina. *Appellee's Appendix, Item 3; ROA, pp. 32, 35.*

9.      The trial court approved the settlement agreement. *Appellee's Appendix, Item 4; ROA, pp. 124-126.*

10. The trial court found it was necessary to sell the property as evidenced by the settlement agreement. *ROA, pp. 137-139.*

**Use of Sales Proceeds**

11. Upon sale of the property, Temporary Administrator will be mandated by the trial court orders approving the settlement agreement and the sale of the property to remit $100,000 of the sales proceeds to Valentina, utilize up to $250,000 of the sales proceeds to acquire a new homestead for Lily, and use any proceeds pending the purchase of Lily's new homestead for short term suitable housing for Lily and Valentina. *Appellee's Appendix, Item 4; ROA, pp. 124-126; ROA, pp. 137-139; Appellee's Appendix, Item 3; ROA, pp. 32, 34-35.*

12. Only to the extent funds remain after the satisfaction of each of the settlement agreement obligations to Lily and Valentina would any of the sales proceeds be available to pay estate administration expenses. *ROA, pp. 137-139.*

13. Therefore, Valentina's assertion that insufficient sales proceeds will be available to purchase a new homestead for Lily are unfounded and without support in the record.

**Contract Construction - Waiver of Homestead**

9. Valentina and Lily waived any homestead rights by entering into the Settlement Agreement expressly providing for: (a) the sale of the home in which

-4-

they resided; and (b) the purchase of a new homestead for Lily. *Appellee's Appendix, Item 4; ROA, pp. 124-126; ROA, pp. 137-139; Appellee's Appendix, Item 3; ROA, pp. 32, 34-35.*

10.    The primary goal in construing a written contract is to ascertain and give effect to the intent of the parties as expressed in the instrument. *Balandran v. Safeco Ins. Co.*, 972 S.W.2d 738, 741 (Tex. 1998).

10.    If a written contract is worded so that it can be given a definite or certain legal meaning, then it is not ambiguous. *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex. 1995).

11.    In interpreting the parties' agreement, the reviewing court must examine all parts of the contract and the circumstances surrounding the formulation of the contract. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 587 (Tex. 1996).

12.    To establish waiver of a homestead right, there must be proof of clear, unequivocal and decisive acts showing an intent to waive. *Langley v. Jernigan,* 76 S.W.3d 752, 756 (Tex.App. – Waco 2002, pet. filed).

13.    The intent to waive may be either expressly made or inferred from intentional conduct that is inconsistent with an intent to claim the right. *Tenneco Inc. v. Enterprise Prods. Co.,* 925 S.W.2d 640, 643 (Tex. 1996).

14.	The intent to waive homestead rights is evidenced by the express provisions in the settlement agreement referencing the sale of the property, the use of the sales proceeds to fund the settlement payment to Valentina, and the requirement that a portion of the sales proceeds be used to purchase a new homestead for Lily.  *Appellee's Appendix, Item 4; ROA, pp. 124-126;  ROA, pp. 137-139; Appellee's Appendix, Item 3; ROA, pp. 32, 34-35*; *Langley v. Jernigan, 76 S.W.3d 752, 756 (Tex.App. – Waco 2002, pet. filed).*

15.	The terms of the settlement agreement providing for the sale of the property are unambiguous and reflect that Valentina and Lily's residence would be sold as a result of the negotiated settlement of the parties' dispute.  *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex. 1995).

**Trial Court Properly Dismissed Valentina's Injunction Suit as Baseless**

In response to Valentina's injunction suit, Temporary Administrator asserted affirmative defenses including waiver, release, estoppel and *res judicata*. *ROA, p. 99, 100.*   On May 23, 2014, Temporary Administrator moved to dismiss Valentina's injunction suit as a baseless cause of action pursuant to TEX.R.CIV.P. 91a. *ROA, pp. 398-405.*   For the reasons set forth in Appellee's Amended Brief and this Response, the trial court properly dismissed Valentina's suit as baseless. *ROA, pp. 406-407.*

## PRAYER

For the foregoing reasons, Michael L. Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy, Deceased, respectfully requests that this Honorable Court affirm the trial court's order dismissing Appellant's proceeding as a baseless cause of action pursuant to TEX.R.CIV.P. 91a and for such further relief to which he may be entitled.

Respectfully submitted on this 19<u>th</u> day of January, 2015.

<div style="margin-left: 50%;">

FUQUA & ASSOCIATES, P.C.
5005 Riverway, Suite 250
Houston, Texas 77056
Telephone: 713.960-0277
Facsimile: 713.960-1064
mlfuqua@fuqualegal.com

By: */s/ Michael L. Fuqua*
Michael L. Fuqua
State Bar No. 24055511

COUNSEL FOR APPELLEE
Michael L. Fuqua, Temporary
Administrator of the Estate of Adel
Sheshtawy, Deceased

</div>

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been sent in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure upon each of the persons listed below on this 19th day of January, 2015

        Valentina Spassova Sheshtawy, pro se
        12206 Cabo Blanco Court
        Houston, Texas 77041
        email:      valentinasheshtawy@yahoo.com

*/s/ Michael L. Fuqua*
Michael L. Fuqua

# CERTIFICATE OF COMPLIANCE

In accordance with TEX.R.APP.P. 9.4(i)(3), the undesigned certifies that Appellee's Response to Appellant's Reply Brief contains 1,633 words.

/s/ Michael L. Fuqua
Michael L. Fuqua